## REED ROLLER BIT CO. et al. v. BREWSTER CO., Inc.
### No. 568.

District Court, W. D. Louisiana, Shreveport Division.
June 26, 1934.

Vinson, Elkins, Sweeton & Weems and J. Vincent Martin, all of Houston, Tex., for complainants.

Pugh, Grimmet & Boatner, of Shreveport, La., and Andrews, Streetman, Logue & Mobley, J. R. Stone, and L. B. Clark, all of Houston, Tex., for respondent.

DAWKINS, District Judge.

The patents involved in this case were before this court in a former proceeding, and certain claims thereof were found to be invalid. See Reed Roller Bit Co. v. Brewster Co., Inc. (C. C. A.) 65 F.(2d) 1006.

Plaintiffs obtained a reissue of the second Dodds patent, and they have again sued to enjoin infringement, both of this reissue and the Barrett and Robichaux patent. I deem it unnecessary to discuss or describe at length the nature of this structure, as it will be found in the opinions by this court and by the Court of Appeals for this circuit.

After careful consideration, I have reached the conclusion that the plaintiff is entitled to protection on its reissued patent No. 18,975. In the original, of which this number is a reissue, the spring which permits the withdrawal of the core barrel up into the drill stem was shown in the drawings and described in the specifications, but the claims were too broad and were applicable to the combination without regard to this element, and, as was pointed out by the Court of Appeals, the claims did not specifically include it; whereas, in the reissued patent, the claims, I think, have been narrowed and not broadened so as to properly claim and rely upon this feature.

As to the Barrett & Robichaux patent, No. 1,847,424, reliance is had for its validity upon the small spring which holds the interlocking elements intact, when the core barrel is in place in the drill stem. It is claimed that this same spring permits the core barrel to be eased into place without the use of a cable; but no such function is claimed or described in the patent for the spring, and, besides, plaintiffs have, in my opinion, waited too long to file the disclaimer after the final decision of the Court of Appeals in the former case.

The structure of the defendant, I think, clearly infringes the reissued Dodds patent, in that it uses the same combination in the same way; all of the elements performing identical functions to accomplish a common result.

Proper decree should be presented.